IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RIDHA AL-HILFY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3171 |
| | ) | |
| v. | ) | |
| | ) | |
| REXNORD INDUSTRIES, LLC, | ) | REPORT AND RECOMMENDATION |
| ADDAX, Inc., and STAFFING | ) | |
| SERVICES, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

   Pending before me is the plaintiff's motion to remand this case to the District Court of Lancaster County, Nebraska. Filing 9. The defendants' notice of removal was filed on August 14, 2008, (filing 1), and pursuant to this court's prior order, (filing 15), was supplemented on September 9, 2008. Filing 16. Based on the record now before the court, the plaintiff's motion for remand should be denied.

   The court's prior memorandum and order, (filing 15), included a summary of the factual and procedural history based on the filings of record at that time. The history set forth in filing 15 is incorporated herein by reference and will not be repeated in this report and recommendation.

   The court's filing 15 order required the defendants to supplement their notice of removal by filing a copy of all pleadings on file in the state court prior to the time of removal. As explained in that order, the evidence in support of plaintiff's motion for remand revealed that the plaintiff had filed and served an amended complaint prior to removal. The amended complaint had not been attached to the defendants' notice of removal. The court therefore ordered the defendants to file a

supplemental removal notice so the court could determine if the operative complaint at the time of removal, the plaintiff's amended complaint, stated a claim arising under federal law.

The defendants have now filed plaintiff's amended complaint as a supplement to their original notice of removal.  Filing 16. Like the original complaint, the plaintiff's amended complaint alleges the defendants violated not only the Nebraska Fair Employment Practices Act ("NFEPA"), but also Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e- 2000e-17, and 42 U.S.C. § 1981.  Filing 16-2, ¶ 16.  The plaintiff's amended complaint seeks recovery under federal law.  As such, this court has federal question subject matter jurisdiction over the plaintiff's claims.  28 U.S.C. § 1331.

The plaintiff argues, however, that the defendants could not unanimously remove this case to federal court because defendant Staffing Services, Inc. ("Staffing Services") filed an answer and counterclaim in state court prior to removal.  Under the rule of unanimity, where there are multiple defendants, all must join in a petition to remove the case to federal court.  Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002)(citing Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 754 & n. 2 (8th Cir. 2001).  The plaintiff claims Staffing Services' act of filing a state court answer and counterclaim prior to removal waived its right of remove this case to a federal forum, and therefore Staffing Services could not consent to or join with Rexnord in removing this case.

The right to remove can be waived, "but the intent to so waive and to submit to the jurisdiction of the State court must be clear and unequivocal."  Beasley v. Union Pac. R. Co., 497 F.

2

Supp. 213, 215-16 (D.C. Neb. 1980). The defendant's actions in state court must be clearly inconsistent with a purpose to pursue the right to remove. Beasley, 497 F. Supp. at 216. See also, Sayre Enterprises, Inc. v. Allstate Ins. Co., 448 F. Supp. 2d 733 (W.D. Va. 2006); Grievance Adm'r, Attorney Grievance Com'n, Michigan v. Fieger, 409 F. Supp. 2d 858, 861 (E.D. Mich. 2005); 14B Charles Alan Wright et al., Federal Practice & Procedure § 3721, at 350-51 (3d ed. 1998)(collecting cases).

Contrary to the plaintiff's argument, Staffing Service's act of filing an answer to the plaintiff's complaint in state court did not waive it right of removal. See e.g., Haynes v. Gasoline Marketers, Inc., 184 F.R.D. 414, 416 (M.D. Ala. 1999)(collecting cases); Warner v. Crum & Forster Commercial Ins. Co., 839 F. Supp. 436, 439 (N.D. Tex. 1993); Carpenter v. Illinois Cent. Gulf R. Co., 524 F. Supp. 249, 251 (M.D. La. 1981); Haun v. Retail Credit Co., 420 F. Supp. 859, 864 (W.D. Pa. 1976); Rosenblum v. Trullinger, 118 F. Supp. 394, 396 (E.D. Ark. 1954). However, Staffing Services' answer also included a section entitled "counterclaim." The filing of a compulsory counterclaim in state court does not serve to waive a defendant's right to removal, (Wright v. Lupton, 118 F. Supp. 25 (D.C. Mo. 1954)), but filing a permissive counterclaim in state court evidences submission to the jurisdiction of that court and waives the right to remove. Fain v. Biltmore Securities, Inc., 166 F.R.D. 39, 41 (M.D. Ala. 1996); California Republican Party v. Mercier, 652 F. Supp. 928, 931 (C.D. Cal. 1986); Harris v. Brooklyn Dressing Corp., 560 F. Supp. 940 (S.D.N.Y. 1983); Sood v. Advanced Computer Techniques, Corp., 308 F. Supp. 239, 242 (E.D. Va. 1969).

Staffing Services' "counterclaim" re-alleges its responses to the plaintiff's allegations and its affirmative defenses, and further states:

> Plaintiff's purported causes of action against Staffing Services, Inc. are frivolous entitling defendant, Staffing Services, Inc., to a judgment for monetary damages against plaintiff and to a judgment against plaintiff for all attorney fees and costs incurred by it in defense of plaintiff's frivolous first amended complaint.

Filing 7-3, p.3.  Staffing Services' prayer for relief asks the court to dismiss the plaintiff's purported causes of action with prejudice at plaintiff's costs, and for a "judgment against plaintiff for monetary sanctions and for all costs and attorney fees incurred by it in its defense of plaintiff's frivolous claim."   Filing 7-3, pp. 3-4.

Staffing Services' alleged "counterclaim" fails to state the elements of any separate claim for recovery under Nebraska law. See, Gordon v. Community First State Bank, 255 Neb. 637, 647, 587 N.W.2d 343, 351 (1998)(outlining and distinguishing the elements of claims for "abuse of process" and "malicious prosecution"). Though labeled a "counterclaim," Staffing Services' answer does not assert a true "counterclaim," but rather a request for an award of sanctions against the plaintiff to recover the fees and expenses incurred in defending against plaintiff's allegedly frivolous litigation.  See Neb. Rev. Stat. § 25-824.  Asserting a right to recover defense costs in response to the plaintiff's complaint cannot be construed as evidencing Staffing Services' clear and unequivocal intent to waive its right to a federal forum and submit its dispute with the plaintiff to the jurisdiction of the Nebraska courts.  Staffing Services did not waive its right of removal when it filed a responsive answer and

4

"counterclaim" in the District Court of Lancaster County, Nebraska.

The plaintiff's motion for remand based on his claim that the defendants could not unanimously consent to removal should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b) that plaintiff's motion for remand, filing 9, be denied.

The parties are notified that a failure to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 12th day of September, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

5